IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| V. ) | CR. No.: 2:06cr239-MHT-SRW |
| ) | |
| GARY LAVON COOPER ) | |

**DEFENDANT'S UNOPPOSED MOTION FOR DOWNWARD DEPARTURE BASED UPON EXTRAORDINARY MEDICAL AND PHYSICAL IMPAIRMENT**

The defendant, Gary Lavon Cooper, by and through undersigned counsel and pursuant to 18 U.S.C. § 3553(b) and U.S.S.G. § 5H1.4, moves without opposition, for a downward departure in offense level based upon his extraordinary medical and physical impairment.

**Relevant Facts**

As is accurately outlined in the Pre-sentence Investigation Report and uncontested by the parties, as a result of a gunshot wound that injured his spine, Mr. Cooper is partially paralyzed.[1] His partial paralysis has led to further sever complications: blood clots, heart damage and liver damage (80 % of Mr. Cooper's liver has been damaged as a result of medications taken to treat his paralysis).

Mr. Cooper now requests that based upon his extraordinary medical impairments, the Court impose a downward departure in his offense level and sentence. See U.S.S.G. §§ H1.4.

**Discussion**

Though physical condition or appearance are not ordinarily relevant in determining whether a departure may be warranted, a sentencing court has the authority to impose a downward departure

---

[1] Undersigned counsel has subpoenaed Mr. Cooper's medical records form UAB Hospital Birmingham, University of South Alabama Hospital, Baptist Medical Center and LV Stapler Hospital. None of the records have yet to be provided. However, neither party is contesting Mr. Cooper's medical condition. Therefore, the Court can proceed forward.

if a defendant suffers from an extraordinary physical impairment(s). U.S.S.G. § 5H1.4. Thus, one or a combination of extraordinary health problems support a downward departure. *United States v. Johnson*, 71 F.3d 539, 545 (6th Cir. 1995) (downward departure possible where defendant suffered from diabetes, hypertension, hypothyroidism, ulcers, potassium loss, and reactive depression); *United States v. Gee*, 226 F.3d 885 (7th Cir. 2000) (downward departure based on health where judge concluded that "imprisonment posed a substantial risk" to defendant's life" and BOP letter stating that it could take care of any medical problem "was merely a form letter trumpeting [BOP] capability"); *U.S. v. Whitmore*, 35 Fed. Appx. 307, 321, 2002 WL 460391, 10 (9th Cir. 2002) (downward departure for defendant suffering from HIV, coronary artery disease, and vulnerability to various infections, because "given the defendant's age combined with [his] infirmities, I believe that a sentence of forty-six to fifty-seven months is unduly harsh, it is far more punitive than that same sentence would be on a person of middle age."); *United States v. Slater*, 971 F.2d 626, 635 (10th Cir. 1992) (mental retardation, scoliosis of spine and chronic pain may warrant departure); *United States v. Moy*, 1995 WL 311441, at 25-29, 34 (N.D.Ill. May 18, 1995) (downward departure based on defendant's aggravated health condition and emotionally depressed state); *United States v. Roth*, 1995 WL 35676, at 1 (S.D.N.Y. Jan. 20, 1995) (defendant with neuro-muscular disease had "profound physical impairment" warranting downward departure under the Guidelines); *United States v. LiButti*, 1994 WL 774647, at page 10 (D. N.J. 1994) ("the defendant's combination of physical and mental conditions present an extraordinary situation in which prison life may be significantly harder to endure, and that the defendant has demonstrated under U.S.S.G. §§ 5H1.3 & 5H1.4 a basis for departure from the guidelines range of 51 to 63 months . . . to 36 months").

The Eighth Circuit has suggested that a sentencing court consider three factors, when

determining whether to depart on the grounds of health or physical condition under U.S.S.G. § 5H1.4:

> (1) whether the defendant's physical condition is such that the defendant would find imprisonment more than the normal hardship; (2) whether imprisonment would subject the defendant to more than the normal inconvenience or danger; and (3) whether the defendant's physical condition has any substantial present effect on the defendant's ability to function.

*U.S. v. Johnson*, 318 F.3d 821, 825 (8th Cir. 2003), citing *United States v. Rabins*, 63 F.3d 721, 729 (8th Cir.1995). In Mr Cooper's case, the answer to each of these questions is "yes," thus supporting departure. First, Mr. Cooper is confined to a wheelchair and at times can use crutches, as a result, he will be limited in how he can be housed by the BOP and what opportunities and activities he can engage in. Additionally, while incarcerated, his medical condition and diet will have to be constantly monitored to insure his physical condition does not deteriorate. Though it is not anticipated that Mr. Cooper will be physically harmed by any inmate, if the circumstance did arise, Mr. Cooper is not capable of defending himself or readily retreating from conflict (or other dangerous conditions in the facility). Finally, though he has limited mobility as a result of a wheelchair, his ability to function in a fashion similar to other inmates is extremely limited as he is dependent on the assistance of inmate assistants and medical staff.

In *Crumbliss v. U.S.,* 58 Fed.Appx. 577, 581, 2003 WL 223457, 3 - 4 (4th Cir.(N.C.)), the U.S. Court of Appeals for the Fourth Circuit upheld a downward departure for a diabetic defendant who, had neuropathy and required use of a wheelchair:

> Although diabetes is a relatively common disease, Crumbliss' experience was apparently not typical in that he developed complications quickly which required amputation of two toes and use of a wheelchair because of nerve damage in his lower extremities. His condition was not stabilized and the best method of treatment had not yet been determined. The issue is a close

> one; however, we cannot find that the court's decision was legally erroneous. Having found that Crumbliss had an extraordinary impairment, the district court was permitted, even encouraged, under § 5H1.4 to depart below the guideline range and impose a sentence of home detention if it determined that such a sentence would be "as efficient as, and less costly than, imprisonment." The court so found, noting that, "It costs the taxpayers of this country a lot of money to keep a healthy person in prison. Quite obviously, the cost is compounded when that person is in such physical constraints that it's going to cause a lot of hospitalizations, medication, and treatment." A sentencing court's decision that the particular facts and circumstances of the case take the case out of the heartland and justify a departure is reviewed for abuse of discretion. *Rybicki*, 96 F.3d at 758. We find that the court did not abuse its discretion in departing to a sentence of five years probation with 364 days of home detention and electronic monitoring.

*Crumbliss v. U.S.*, 2003 WL 223457, 3 - 4 (4th Cir. 2003). See also *U.S. v. Moore,* 42 Fed.Appx. 618 - 619, 2002 WL 1790142, 1 (4th Cir. 2002) ("Because Mary Moore's severe physical limitations restrict her mobility and necessitate extensive and individualized medical care, we find no error in the court's decision to sentence her to home confinement pursuant to § 5H1.4.")

## Conclusion

As in the cases cited above, the unique circumstances in this case authorize and even encourage this Court to impose a downward departure.

**WHEREFORE**, the Defendant prays that this Motion be granted.

Respectfully submitted,

s/ Kevin L. Butler
KEVIN L. BUTLER
First Assistant Federal Defender
201 Monroe Street, Suite 407
Montgomery, Alabama 36104
Phone: (334) 834-2099
Fax: (334) 834-0353
E-mail: kevin_butler@fd.org
AZ Bar Code: 014138

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| V. | )   CR. No.: 2:06cr239-MHT-SRW |
| | ) |
| GARY LAVON COOPER | ) |

### CERTIFICATE OF SERVICE

    I hereby certify that on November 30, 2007, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Andrew Schiff, Esquire
Assistant United States Attorney
One Court Square, Suite 201
Montgomery, Alabama 36104

    Respectfully submitted,

    s/ Kevin L. Butler
    KEVIN L. BUTLER
    First Assistant Federal Defender
    201 Monroe Street, Suite 407
    Montgomery, Alabama 36104
    Phone: (334) 834-2099
    Fax: (334) 834-0353
    E-mail: kevin_butler@fd.org
    AZ Bar Code: 014138