IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No: 2:07cr 0148-MHT-001 |
| ) | 2:06cr239-MHT |
| GARY LAVON COOPER ) | |
| Defendant. ) | |

MOTION TO CORRECT
AND/OR IN THE ALTERNATIVE
A REDUCED SENTENCE

COMES now, the Defendant, pro-se, files this his motion to Correct and/or in the alternative a Reduced Sentence, pursuant to Rule 35.(a), Fed. R. Crim. Proc., and in support herein states the following:

FACTS

A. That on or about October 11, 2006, the Defendant ("Hereafter words Mr. Cooper.") was named in a one Count indictment by a grand Jury for the middle District of Alabama. Count one charged that on July 18, 2006, Mr. Cooper, having previously been convicted of three felonies (November 5, 1991, Burglary 3rd Degree, # CC 91-53, Circuit Court of Lowndes County, Alabama; October 4, 1991 Burglary, 3rd Degree, # CC 91-114, Circuit Court of Butler County, Alabama; and May 2, 1991, Burglary 3rd Degree, # CC 91-1D, Circuit Court of Butler County, Alabama), possed, in and affecting

Commerce, a firearm (a Ruger P95DC 9mm semi-automatic Pistol), in violation of 18 U.S.C. § 922.(g)(1) and 924 (e)(1).

B. That, on or about September 10, 2007, Mr. Cooper pled guilty to Count one of the indictment, pursuant to a written plea agreement. Details of the agreement provided that the government agreed that a two-level decrease for acceptance of responsibility, pursuant to U.S.S.G. § 3E1.1(a), was appropriate, so long as Mr. Cooper did not obstruct justice or otherwise fail to accept responsibility for the offense conduct. The government agreed to move, at sentencing, for an additional one-level decrease, pursuant to U.S.S.G. § 3E1.1(b), based on Mr. Cooper's timely notice of his intent to plead guilty. The government further agreed, that if Mr. Cooper provided substantial assistance to the applicable offense level, pursuant to U.S.S.G. § 5K1.1.

C. That the government agreed and moved for a total of five-level reduction in the applicable offense Level.

## ARGUMENT

D. That, Mr. Coopers asserts that, the Court may correct a sentence that resulted from clear error. See: Rule 35.(a) Fed. R. Crim. Proc., and also; Hill v. United States, 368 U.S. 424 (1962).

E. That, the government provided the Court with insufficient evidence, in support of Chapter Four

(2)

Armed Career Enhancements (U.S.S.G. § 4B1.4(a), and relied on prior convictions that are not a violent felony and/or serious drug offenses.

F. That mr. Cooper asserts that 18 U.S.C. § 924.(e)(B)(ii) defines "violent felony" as follows:

"is burglary, arson, or extortion, that involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another;"

G. That mr. Coope avers that, the United States Sentencing Commission (U.S.S.G.) defines crimes of violent, in part:

"...is burglary of a dwelling..." See: U.S.S.G. § 4B1.2(a)(2).

H. That in this case, mr. Cooper's prior's, used by the government to Armed Career him did not present a serous potential risk of physical injury to another. In mr. Cooper's case, the government was fully aware that none of Cooper's prior convictions involved burglary of a dwelling.

I. That mr. Cooper argues here, that the Court may correct an illegal sentence at any time and may correct a sentence imposed in an illegal manner within the time provided herein for the reduction of sentence. See: Hill v. United States, 368 U.S. 424 (1962); and also, Rule 35.(a), Fed. R. Crim. Proc..

J. That in fact, the government, as outlined in the pre-sentencing Investigation Report (P.S.I), was made fully aware that none of Mr. Cooper's prior 3rd degree burglary conviction involved a potential for serious risk and/or posed a danger to another. For instant, the P.S.I, at Pg. 8, paragraph 39, states, in part:

"Details of count one reveal that on July 2, 1991, the defendant broke into a storage shed at Magnolia Cemetery, Greenville, Alabama, and stole a lawn mower and two gasoline cans."

Clearly putting all parties, in the case at hand, on notice that a storage shed (in which Mr. Cooper broke into) at Magnolia Cemetery is not a dwelling place for the living to dwell in.

### FINALLY

K. That based upon the foregoing facts and argument, Mr. Cooper prays that this Honorable Court will grant his Rule 35(a) motion and correct his illegal sentence.

DONE, this the 9 day of December, 2007

*Gary Cooper*
Gary Lavon Cooper
P.O. Drawer 159
Montgomery, AL 36101

(4)

CERTIFICATE OF SERVICE

I hereby Certify that on December 9, 2007, I did serve a copy of the foregoing on the following:

Vernes H. Speirs
Assistant U.S. Attorney
P.O. Box 197
Montgomery, AL 36101

by placing the same in the inmate mailbox, at the Montgomery City Jail, Postage Pre-paid. See: Houston v. Lack ___ U.S. ___ (1995) ("Inmate Mail Box Rule).

*Gary Cooper*
Gary Lavon Cooper
Defendant

(5)