THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR. NO. 2:06CR239-MHT |
| | ) | |
| GARY LAVON COOPER | ) | |

### UNITED STATES' RESPONSE TO DEFENDANT'S MOTION TO CORRECT AND ALTERNATIVE MOTION TO REDUCE SENTENCE

Comes now the United States of America, by and through Leura G. Canary, United States Attorney for the Middle District of Alabama, and respectfully requests this Honorable Court deny Cooper's Motion to Correct and Alternative Motion to Reduce Sentence. As reasons therefore, submits the following:

Cooper was indicted on October 11, 2006, for being a Felon in Possession of a Firearm in violation of Title 18, United States Code, Sections 922(g)(1) and 924(e).[1] Importantly, Cooper has three prior felony convictions for third-degree burglary.[2] To the instant federal charges, Cooper pleaded guilty (pursuant to a written plea agreement) on September 10, 2007. On December 6, 2007, Cooper was sentenced by this Honorable Court to 140 months imprisonment. Currently, Cooper seeks to "correct" his sentence because he believes his underlying convictions for third-degree burglary fail to qualify him as an Armed Career Criminal. In short, Cooper seeks to impose a limited definition of "violent felony" to his burglary convictions.

---

[1] Pursuant to Title 18, United States Code, Section 924(e), a felon found in possession of a firearm after being convicted for three or more "crimes of violence" or "serious drug offenses" is subject to a mandatory minimum fifteen year sentence.

[2] § 13A-7-7(a), Code of Alabama, 1975 provides, "A person commits the crime of burglary in the third degree if he knowingly enters or remains unlawfully in a building with intent to commit a crime therein."

First, Cooper's motion fails because it was not filed "within 7 days after sentencing" as required by Rule 35(a).  Second, to the merits of his claim, the Armed Criminal Act does not limit qualifying burglary convictions to "dwellings."  In fact, for Armed Career Criminal purposes, only a "generic" type of burglary is required - an Armed Career Criminal is not limited to those who only burglarize "dwellings."

**I.      COOPER'S MOTION IS UNTIMELY**

Cooper was sentenced by this Honorable Court on December 6, 2007.  Pursuant to Rule 35(a), Cooper had "7 days after sentencing . . .to correct a sentence that resulted from arithmetical, technical, or other clear error."  See *Rule 35(a), Federal Rules of Criminal Procedure*.  Excluding weekends, Cooper had until December 17, 2007, to file his motion.  According to the record, Cooper's motion was not filed with this Honorable Court until January 4, 2008.  Thus, Cooper's motion is barred by the plain language of Rule 35(a).

**II.     ALABAMA'S THIRD-DEGREE BURGLARY IS A "CRIME OF VIOLENCE" FOR ARMED CAREER CRIMINAL PURPOSES.**

According to United States v. Miles, 290 F.3d 1341, 1347 (11th Cir. 2002), when sentencing a potential Armed Career Criminal, the government must produce evidence of the qualifying convictions, then:

> . . .the burden . .. shifts to the defendant to establish that the convictions were unconstitutional, the sentencing court must employ "a formal categorical approach, looking only to the statutory definitions of the prior offense, and not to the particular facts underlying those convictions" in determining whether the enhancement is proper.  (Internal citations omitted).

Historically, squaring state burglary convictions with the Armed Career Criminal Act was troublesome.  Consequently, in Taylor v. United States, 495 U.S. 575 (1990), the Supreme Court sought to alleviate confusion by holding that a "burglary" conviction serves as a predicate for

enhanced sentencing under section 924(e) only if the conviction is for a crime involving the elements of "generic" burglary. According to Taylor, "generic" burglary is an "unlawful or unprivileged entry into, or remaining in, a building or structure, with intent to commit a crime." See Taylor, 495 at 599.

The United States District Court for the Southern District of Alabama, in United States v. Garner, 2007 WL 1725322 (S.D. Ala.), examined Alabama's burglary-third degree statute under Taylor. Upon examination, the District Court found that Alabama's burglary third statute "falls neatly within the Supreme Court's definition of 'generic burglary,' as set forth in Taylor and its progeny." See Garner at *1.

Recently, the Eleventh Circuit, in an unpublished opinion - United States v. Moody, 216 Fed.Appx. 952 (11th Cir. 2007), applied Taylor's reasoning to Alabama's burglary-third degree statute. Quoting Taylor, the Eleventh Circuit found that "a person has been convicted of a burglary for purposes of a § 924(e) enhancement if he is convicted of any crime, regardless of its exact definition or label, having the basic elements of unlawful or unprivileged entry into, or remaining in, a building or structure, with intent to commit a crime." See Moody at *1. Ultimately, the Eleventh Circuit held that Alabama's burglary-third degree statute is a qualifying offense for § 924(e). See id at **2.

In sum, Cooper's reliance on the United States Sentencing Guidelines' definition of "burglary" is misplaced. In his motion, Cooper concedes his convictions. However, he argues they were not of "dwellings." (Cooper motion at 3.) According to the United States Supreme Court and the Eleventh Circuit, burglary of a "dwelling" is not determinative for Armed Career Criminal purposes. Alabama's burglary-third degree statute unambiguously includes the elements of "generic burglary;" therefore, Cooper was properly sentenced under § 924(e). See Moody.

Considering Cooper's failure to file his motion in accordance with Rule 35(a), *Federal Rules of Criminal Procedure*, his motion should be dismissed.  In the alternative, his motion should be dismissed because his burglary-third degree convictions qualify him as an Armed Career Criminal.

Respectfully submitted this the 15th day of January, 2008.

<div style="margin-left: 3em;">

LEURA G. CANARY
UNITED STATES ATTORNEY

/s/ Verne H. Speirs
VERNE H. SPEIRS
Assistant United States Attorney
Post Office Box 197
Montgomery, Alabama 36101-0197
334-223-7280
334-223-7138 Fax
verne.speirs@usdoj.gov

</div>

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR. NO. 2:06CR239-MHT |
| | ) | |
| GARY LAVON COOPER | ) | |

CERTIFICATE OF SERVICE

I hereby certify that on January 15, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to Kevin Butler.

Respectfully submitted,

LEURA G. CANARY
UNITED STATES ATTORNEY

/s/ Verne H. Speirs
VERNE H. SPEIRS
Assistant United States Attorney
Post Office Box 197
Montgomery, Alabama 36101-0197
334-223-7280
334-223-7138 Fax
verne.speirs@usdoj.gov